General Complaint

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

FLORA HOSSEINI

_____          Case Number : _____

_____
List the full name of each plaintiff in this action.

VS.

1. MARCO RUBIO
2. ERIC GAUDIOS
3. U.S DEPARTMENT OF STATE
4. U.S EMASSY IN ABU DHABI UNITE
   ARAB EMIRATES



MAY 0 5 2025

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

List the full name of each defendant in this action.
Do not use "et al".

Attach additional pages if necessary.

I.    ATTEMPT TO SECURE COUNSEL:

Please answer the following concerning your attempt to secure counsel.

A.    In the preparation of this suit, I have attempted to secure the aid of an attorney as
      follows: (circle one)

      1.    Employ Counsel
      2.    Court - Appointed Counsel
      3.    Lawyer Referral Service of the State Bar of Texas,

      4.     P. O. Box 12487, Austin, Texas 78711.

B.    List the name(s) and address(es) of the attorney(s):

• NONE

     C.      Results of the conference with counsel:

- I have not had a conference with any attorney.


II.    List previous lawsuits:

     A.      Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action or any other incidents?        Yes     X No

     B.      If your answer to "A" is "yes", describe the lawsuit in the space below. If there is more than one lawsuit, attach a separate piece of paper describing each.

          1.      Approximate file date of lawsuit: _____

          2.      Parties to previous lawsuit(s):

                Plaintiff _____

                Defendant_____

     Attach a separate piece of paper for additional plaintiffs or defendants.

          3.      Identify the court the lawsuit was filed. If federal, name the district. If state, name the county.

                _____

          4.      Docket number in other court. _____

          5.      Name of judge to whom the case was assigned.

                _____

          6.      Disposition: Was the case dismissed, appealed or still pending?

                _____

          7.      Approximate date of disposition. _____

III.    Parties to this suit:

A.    List the full name and address of each plaintiff:

Pla #1

**Flora Hosseini**

Address: 801 legacy DR APT# 1627, Plano, TX, 75023

Telephone: (818)620-0029

Pla #2 _____

_____

_____

B.    List the full name of each defendant, their official position, place of employment and full mailing address.

**Dft #1: MARC RUBIO**

JOB OR TITLE: United States Secretary of state

Address: 1600 Pennsylvania Avenue NW

Washington, DC, 20500

Telephone: (202)456-1111

Dft #**2: ERIC GAUDIOSI**

Job OR Title: Deputy Chief of mission in ABU DHABI consulate

Address: Corner of AI Seef Rd, and Sheikh Khalifa bin Zayed

Dubai, U.A.E

Telephone: +97-4-309-4000

Dft #3: **U.S. Department of State**

Address: 2201 C ST NW

Washington, DC, 20520

Telephone: (202)647-4000

---

**Dft#4: U.S Embassy in ABU DHABI**

Address: Plat # Airport Road at Rabdan (29th)

Street Embassies District,

Plot 38, Sector W59-02, Street No. 4

P.O. Box 4009

Abu Dhabi,

 UAE Telephone: +971 2 414 2200

---

Attach a separate sheet for additional parties.

IV:    Statement of Claim:

State as briefly as possible the fact of your case.  Describe how each defendant is involved.  Include the names of other persons involved with dates and places.  Do not give any legal arguments or cite cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Use as much space as you need, attaching additional pages if necessary.


**PETITION FOR WRIT OF MANDAMUS**


TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:


**Petitioner**: Flora Hosseini, by and through undersigned counsel or pro se, respectfully files this Petition for Writ of Mandamus to compel action on a long-pending immigrant visa application for her husband (Erfan Sabzehvand, Case number: ABD2021526020) and in support thereof alleges as follows:

---


**I.    JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1361 (mandamus jurisdiction), 28 U.S.C. § 1331 (federal question jurisdiction), and the Administrative Procedure Act (APA), 5 U.S.C. § 701 et seq.
2. Venue is proper under 28 U.S.C. § 1391(e) as the petitioner resides in this judicial district and no real property is involved.

## II. PARTIES

Petitioner,

3. Flora Hosseini, is a United States citizen and resident of Dallas, Texas, where she has lived for the past 22 years. She has served the State of Texas for five years.
4. Respondents include the United States Department of State, the Secretary of State, the U.S. Embassy in Abu Dhabi, and other relevant officials responsible for the processing and adjudication of immigrant visa applications.

| II. | FACTUAL BACKGROUND5. |
| --- | --- |

5. Petitioner married her husband, an Iranian national, in 2019 in Iran.
6. In 2021, Petitioner filed a Form I-130, Petition for Alien Relative, which was approved.
7. In 14/11/ 2022, her husband attended an immigrant visa interview at the U.S. Embassy in Abu Dhabi. Since that date, the application has remained in administrative processing or otherwise unadjudicated, with no meaningful updates provided.
8. Petitioner cannot safely travel to Iran due to fears of persecution associated with her employment for the State of Texas.
9. The prolonged delay in adjudicating the visa application has caused extreme emotional, psychological, and marital strain, depriving Petitioner of her fundamental right to family unity as protected under U.S. immigration law and policy.
10. Petitioner is now living in a state of uncertainty and fear, particularly in light of proposed immigration policies that could permanently bar Iranian nationals from obtaining visas.
11. As a direct result of the prolonged delay and indefinite separation from her husband, Petitioner has experienced severe emotional and psychological distress, including symptoms of anxiety, depression, and chronic stress. She has sought professional mental health support to manage the impact of this ongoing hardship. A summary of her condition and supporting documentation is attached as **Exhibit A**.
12. Petitioner respectfully submits that the delays in the adjudication of her husband's visa are excessive, unreasonable, and harmful, particularly in light

of the deeply personal hardship she endures as a U.S. citizen separated from her spouse for over six years.

13. Respondents have previously acknowledged, through sworn declarations by senior Department of State officials, that the visa adjudication process, especially when involving Security Advisory Opinions (SAOs), may experience prolonged delays due to interagency coordination, limited staffing, and a complex security clearance process. These declarations, submitted in similar cases, are attached hereto as **Exhibit XX** (Declaration of Robert L. Batchelder, April 8, 2024) and **Exhibit YY** (Declaration of Carson Wu, April 7, 2024).

14. In Exhibit YY, Carson Wu, Acting Director of the Office of Screening, Analysis and Coordination, details the SAO process and confirms that even with full interagency cooperation, visa security reviews can take several months to years to complete. He notes that approximately 43,000 SAOs are currently pending within the Counterterrorism Division alone, and that 10% of such cases can take over 24 months to resolve.

15. In Exhibit XX, Robert L. Batchelder, Managing Director of the Office of Visa Services, describes the operational realities of U.S. embassies and consulates worldwide. He explains how the COVID-19 pandemic, staffing shortages, and logistical limitations continue to create a backlog that—years later—has left over 326,000 applicants waiting for interviews as of March 2024.

16. While these declarations offer a general justification for systemic delays, they do not excuse the individualized, prolonged delay faced by Petitioner, whose husband has been awaiting a visa since 2022, with no resolution or communication provided. The burden of these systemic inefficiencies has fallen squarely on Petitioner, who has no other avenue for relief.

17. These delays, as evidenced by the government's own admissions, are not isolated or momentary—but rather reflective of a broader systemic failure to process visas in a timely and just manner. Petitioner's case has now exceeded any standard of reasonable administrative processing and demands judicial intervention.

18. Petitioner has made multiple good-faith attempts to obtain assistance and clarity regarding her husband's visa delay. These efforts include direct outreach to United States Senators, Members of the House of Representatives, the White House, and the U.S. Embassy in Abu Dhabi.

19. These communications, included as Exhibit ZZ, reflect the Petitioner's diligent and sustained efforts to pursue every available remedy through diplomatic and administrative channels. Despite these efforts, no substantive progress has been made on the case, and Petitioner continues to receive noncommittal or generic responses, if any.

20. Petitioner's documented attempts further underscore the lack of transparency, unreasonable delay, and absence of alternative relief, which together justify

this petition for mandamus relief under 28 U.S.C. § 1361 and the Administrative Procedure Act, 5 U.S.C. § 706(1).

V.     Relief: State Briefly exactly what you want the court to do for you.  Make no legal arguments and do not cite cases or statutes.  Attach additional pages if necessary.

_ CLAIM FOR RELIEF

1. Petitioner is entitled to a timely adjudication of her husband's visa application under the Immigration and Nationality Act (INA) and the APA.

2. The Respondents' failure to act within a reasonable time constitutes an unlawful withholding and unreasonable delay of agency action under 5 U.S.C. § 706(1).

3. Petitioner has exhausted all administrative remedies and has no other adequate remedy available other than to seek relief through this Court.

Petitioner respectfully requests that this Court:

A. Issue a Writ of Mandamus compelling Respondents to promptly adjudicate her husband's immigrant visa application.

B.     Declare that the delay in adjudicating the application is unreasonable and unlawful.

C.     Award costs and reasonable attorneys' fees under the Equal Access to Justice Act, if applicable; and

D.     Grant such other and further relief as this Court deems just and proper.

Signed this _____ 5 _____ day of _____ May _____ , 20 __25__ .

(Month)           (Year)

Flora Hosseini
801 legacy dr Apt#1627
Plano - Tx - 75023
818-620-0029

I declare (certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Executed on: ___5/5/ 2025___

Date

Flora Hosseini

_____
Signature of each plaintiff